IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| V. | § | Case No. 1:03-cr-046-01 |
| SHAWN LEO BARTH, | § | |
| Defendant. | § | |
| | § | PETITIONER SHAWN LEO BARTH'S AMENDED MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |
| SHAWN LEO BARTH, | § | |
| Petitioner, | § | |
| V. | § | |
| UNITED STATES OF AMERICA, | § | Case No. 1:05-cv-010 |
| Respondent. | § | |

TO THE HONORABLE DANIEL L. HOVLAND, CHIEF JUDGE, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NORTH DAKOTA:

COMES NOW, SHAWN LEO BARTH, hereinafter referred to as Petitioner, who by and through his undersigned counsel, Gary Hill, files the following Amended Memorandum of Law in Support of Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

I.

**Order Entered on December 12, 2006**

On December 12, 2006, this Honorable Court entered an Order granting Petitioner's request to amend his brief in support of habeas relief.  Petitioner submits the following arguments and authorities concerning issues not previously briefed.

II.

**Trial Counsel Failed to Object to the Sentencing Enhancements**

Trial counsel failed to object, under *Blakely v. Washington,* 124 S.Ct. 2531 (2004), as to whether his prior drug convictions could be constitutionally used to impose a life sentence, notwithstanding that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) had not been expressly overruled by *Blakely*.  Consequently, Petitioner was left to raise, for the first time on appeal, whether his Sixth Amendment rights had been violated by the imposition of sentencing enhancements not found by the jury beyond a reasonable doubt.  The appellate review, however, was based on the plain error standard whcih is one that is exceedingly difficult to sustain.  *United States v. Olano,* 507 U.S. 725, 734 (1993); *United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005).  The Petitioner contends that he was sentenced under a <u>mandatory</u> guideline regime which had, while his case was pending on appeal, been rendered to an <u>advisory</u> sentencing scheme by the holding in *United States v. Booker*, 125 S.Ct. 738 (2005).  The life sentence he received was clearly unreasonable and, in accordance with *Booker,* he should be re-sentenced.

III.

**Trial Counsel's Failure to Negotiate a Plea Agreement
And to Discuss Petitioner Testifying at Trial**

The evidence against Petitioner was certainly substantial, especially since a Motion to Suppress was not even filed, let alone granted.  Notwithstanding the viability of any suppression motion, the evidence against Petitioner was considerable.  Moreover, the government had negotiated plea agreements with a number of co-conspirators/participants in this case. Petitioner's trial counsel had an

ethical and legal obligation to, at the minimum, seek out a plea agreement on Petitioner's behalf--an agreement which could have resulted in a sentence considerably less than life imprisonment. *United States v. Great-Walker,* 285 F.3d 727, 730 (8th Cir. 2002). The Supreme Court has recognized that "disposition of criminal charges by agreement between the prosecutor and the accused …is an essential component of justice, "…which is to be encouraged." *Santobello v. United States*, 404 U.S. 257, 260 (1971); *Johnson v. Mabry*, 707 F.2d 323, 326 (8th Cir. 1983). *See also: Brady v. United States*, 397 U.S. 742, 751-752 (discussing advantages of plea bargained dispositions for criminal justice administration). Admittedly, the prosecution does not have to initiate or participate in plea bargaining, *Weatherford v. Bursey* 429 U.S. 545, 561 (1977), but in the instant case, it clearly had already done so with other defendants and participants. Barth's trial counsel never initiated any plea discussions with the government nor did he present such an alternative to Petitioner for his consideration. With the evidence that existed, trial counsel was ineffective in not making even a minimal effort to do so on Barth's behalf. Petitioner certainly would have seriously considered a plea agreement and his contention is not based on the hindsight of having received a life sentence.

The United States Supreme Court has also explicitly recognized the constitutional right of a criminal defendant to testify on his own behalf. *Rock v. Arkansas*, 483 U.S. 44, 49-53 (1987); *Whitfield v. Bowersox*, 324 F.3d 1009, 1013 (8th Cir. 2003). Moreover, the defendant has the "ultimate authority" to decide whether to testify on his own behalf. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Absent a knowing and voluntary waiver, trial counsel must advise the defendant about his right to testify and whether the defendant accepted the recommendation not to testify. *See: Frey v. Schuetzle*, 151 F.3d 893, 896 (8th Cir. 1998). Petitioner wanted to testify in order to contest the allegations made against him by cooperating co-conspirators and/or government witnesses. Petitioner did not object, on the record, to his silence at trial because of the advise of trial counsel that "the jury would not believe him due to his prior record." Petitioner had nothing to lose and everything to gain by testifying, notwithstanding his prior record, and it was <u>not</u> his decision not to testify.

IV.

**Trial Counsel Failed to Properly Investigate the Backgrounds of Cooperating Witnesses and to Cross-Examine Said Witnesses**

Trial counsel has an obligation to conduct an independent investigation of witnesses who are testifying against his client, especially those with criminal records or who are gaining a benefit. It is <u>not</u> sound trial strategy by failing to conduct any meaningful cross-examination or investigation. *Middleton v. Roper,* 455 F.3d 838 (8th Cir. 2006). A review of the record reveals that trial counsel's efforts in this regard were *de minimus* and amounted to ineffective assistant of counsel.

Respectfully submitted,

/s/ Gary Hill
GARY JOEL HILL
Attorney for Petitioner
801 North El Paso Street, Suite 200
El Paso, Texas 79902
State Bar No. 09633300
Telephone: 915-544-9459
Facsimile: 915-544-4647

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Amended Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 was mailed, postage prepaid, to Rick L. Volk, Assistant United States Attorney, 220 E. Rosser Avenue, Room 372, Bismarck, North Dakota  58501, on this the 20th day of February, 2007.


/s/ Gary Hill
GARY JOEL HILL