IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO REDUCE SENTENCE** |
| vs. | ) | |
| | ) | |
| Shawn Leo Barth, | ) | Case No. 1:03-cr-046 |
| | ) | |
| Defendant. | ) | |

___

Before the Court is the Defendant's motion to reduce sentence pursuant to the First Step Act of 2018, filed on April 21, 2020. See Doc. No. 376. The Government filed a response in opposition to the motion on May 20, 2020. See Doc. No. 377. The Defendant filed a reply on June 8, 2020. See Doc No. 380. For the reasons set forth below, the motion is denied.

I.  **BACKGROUND**

On December 18, 2003, a jury found Barth guilty of several drug and firearm offenses. See Doc. No. 131. Barth was sentenced on March 22, 2004, to total of life imprisonment, with a five year consecutive term on a firearm count. See Doc. No. 161. Barth appealed and the Eighth Circuit upheld both his conviction and sentence. See Doc. No. 190. Barth subsequently filed a petition for habeas relief pursuant to 28 U.S.C. § 2255, which was denied. See Doc. No. 233. The Eighth Circuit refused to grant a certificate of appealability and Barth's appeal of his habeas petition was ultimately dismissed. See Doc. No. 237.

In June of 2016, Barth filed a second habeas petition pursuant to Johnson v. United States. See. Doc. No. 287. While this petition was pending, an executive grant of clemency reduced the total

sentence of imprisonment to 322 months. See Doc. No. 294. On August 22, 2017, the Court granted Barth's Johnson petition and further reduced his sentence. See Doc. No. 313.

In October of 2017, Barth filed a motion to reduce sentence pursuant to Amendment 782 of the United States Sentencing Guidelines. See Doc. No. 320. The Court denied the motion finding Barth was not eligible for the Amendment 782 reduction. See Doc. No. 325. Barth appealed this decision and the Eighth Circuit denied his appeal  See Doc. No. 343.

On November 13, 2019, Barth filed his first motion requesting a reduction of sentence and compassionate release based on the First Step Act. See Doc. No. 366. The Court denied the motion on March 4, 2020. See Doc. No. 374.

On April 21, 2020, Barth filed his second motion requesting a reduction of sentence and compassionate release based on the First Step Act. See Doc. No. 376. The Government responds asserting that Barth has not provided an appropriate basis for compassionate release.

## II.     LEGAL DISCUSSION

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under two circumstances: by motion of the Director of the BOP or upon motion of the Defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Barth filed a request for compassionate release with the BOP on or about March 31, 2020, which was denied on April 8, 2020. See Doc. Nos. 376-1 and 376-2. His appeal was denied on May 27, 2020. See Doc. No. 380-2. The Court finds he has exhausted his administrative remedies.

In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement. See 18 U.S.C. § 3582(c)(1)(A). There is no right to counsel in Section 3582(c) proceedings. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009). Nor is there a right to a hearing. See Dillon v. United States, 560 U.S. 817, 827-28 (2010) (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification). It should also be noted that the CARES Act does not provide the Court with any expanded authority to grant a motion to reduce sentence under 18 U.S.C. § 3582(c). See CARES Act, Pub. L. No. 116-136, 134 Stat 281 (2020).

Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions based upon a motion filed by the director of the BOP. Such motions were rarely filed. This all changed when the President signed the First Step Act into law on December 21, 2018. The relevant portion of the new law now reads as follows:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> **(1)** in any case–
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, <u>or upon motion of the defendant</u> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> **(i)** extraordinary and compelling reasons warrant such a reduction;

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(I) (emphasis added).

Unfortunately, the First Step Act does not define "extraordinary and compelling reasons." The Sentencing Commission policy statement can be found at Section 1B1.13 for the 2018 Sentencing Guidelines Manual. However, the policy statement pertains to the old law rather than the new law and thus is of questionable applicability. See United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019) (concluding the old policy statement provides helpful guidance but does not control the district court's independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction.). This Court agrees that the Sentencing Commission's existing policy statement provides only limited guidance. See United States v. Fox, No. 2:14-CR-03, 2019 WL 3046086, at *3 (D. Me. July 11, 2019). In addition, the Sentencing Commission will not be publishing a 2019 or 2020 Sentencing Guidelines Manual for lack of a quorum. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 n.7. The Application Note to U.S.S.G. § 1B1.13 provides as follows:

1.  **Extraordinary and Compelling Reasons**.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) **Medical Condition of the Defendant**.--

        (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        (ii) The defendant is–

            (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

 (B) **Age of the Defendant**.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

 (C) **Family Circumstances**.--

   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

 (D) **Other Reasons**.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons**.--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4. **Motion by the Director of the Bureau of Prisons**.--A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in

>   a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.
>
>   This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.
>
>   5.  **Application of Subdivision (3)**.--Any reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.

U.S.S.G. § 1B1.13.

As a basis for his motion, Barth contends he fears contracting COVID-19. Barth contends he has health conditions that would put him at increased risk should he contract COVID-19. These health problems include having taken prednisone in 2019 for a wrist injury, obesity, chest wall pain, sinus problems, high cholesterol, and acid reflux. The medical records submitted by Barth do not support his claim that he has health conditions which put him at an increased risk should he contract COVID-19. See Doc. No. 381. His prednisone prescription has expired so presumably he is no longer taking it. The records do not reveal his weight. Barth is 49 years of age. He has approximately six years of his sentence left to serve. His presumptive release date is March 25, 2026. The crimes for which Barth was found guilty are serious. His original sentence was life. There is no evidence COVID-19 is spreading in FCI Sandstone where he is serving his sentence.

The mere existence of the COVID-19 pandemic, which poses a threat to every person in the country, does not, in and of itself, provide a basis for a sentence reduction. As the Third Circuit Court of Appeals recently commented, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). District courts have concluded similarly. See United

States v. Eberhart, Case No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence"). This does not mean that COVID-19 is not relevant to the Court's totality of circumstances analysis when considering a motion for reduction of sentence. All factors must be considered. COVID-19 is an extremely dangerous illness. It has caused thousands of deaths in the United States in a short period of time and severe societal and economic disruption. In response to the pandemic, the BOP has taken significant measures to protect the health of the inmates in its charge including working with the United States Centers for Disease Control to minimize the risk of COVID-19 transmission with its facilities. The risk of infection is very real, both within BOP facilities and in society in general. Release from prison does not abate the risk. While sympathetic to Barth's concerns regarding the presence of COVID-19 in the federal prison system, the Court does not find that his circumstances clear the high bar necessary to warrant a sentence reduction.

The Court finds a generalized fear of contracting COVID-19 is not an "extraordinary and compelling reasons" for compassionate release or a sentence reduction within the meaning of Section 3582(c)(1)(A). The Court has carefully reviewed the entire record and concludes Barth has failed to demonstrate "extraordinary and compelling reasons" that would warrant a sentence reduction. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (noting the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)).

### III. CONCLUSION

Accordingly and for the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 376) and motion to appoint counsel (Doc. No. 378) are **DENIED**. The Defendant's motion for an extension of time (Doc. No. 378) is found moot.

**IT IS SO ORDERED.**

Dated this 8th day of June, 2020.

                                                  */s/ Daniel L. Hovland*
                                                  Daniel L. Hovland, District Judge
                                                  United States District Court