IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NORTH DAKOTA

UNITED STATES OF AMERICA

Respondent.

vs.

Case No: 1:03-cr-046-010

SHAWN LEO BARTH

Petitioner,

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) and THE FIRST STEP ACT and THE AMENDED USSC GUIDELINES EFFECTIVE NOVEMBER 1, 2023.**

Shawn Barth (Defendant), pro se, respectfully files this reply to the Government's motion (Doc. # 414) filed on 12/4/23. To date, the Defendant has not received the Government's response per their Certificate of Service. It wasn't until a week later that Defendant received the response from his advocate. If the Defendant didn't receive this from his advocate, he wouldn't even be aware of a response by the Government, nor know that he needed to reply.

1

The Government's response is typical in fashion – always negative and always bringing up the past instead of looking at the Defendant as the man that he is today. Rehabilitated.

Regardless of how many times the Defendant has filed for reduction in sentence, the Defendant does so because of his rehabilitation, he is at a camp, and his unusually long sentence; still given his reduction(s) that he has received thus far, his out date isn't until 03/25/2026.

The government goes into the history of § 3582(c)(1)(A) and Guidelines § 1B1.13. But then in the very next section states that, *"The Sentencing Commission Exceeded It's Congressionally Delegated Authority in Promulgating Subsection (b)(6)."* Frankly, who is the Government to say the Commission exceeded any authority? That is essentially saying the Commission has no authority. This section doesn't dignify a response. One would wonder what Judge Reeves would think of that comment. As this court is aware, Congress had six months to change or veto the new amendments but never did. Obviously, Congress didn't feel the same as Mr. Volk.

The government mentions the case of **US v. Maumau**, saying, *"That sentence was not only permissible but statutorily required at the time."* **United States v. Maumau**, 993 F.3d 821, 838 (10th Cir. 2021) (Tymkovich, C.J.,

concurring). Maumau is the perfect case to cite here because *Mr. Maumau* was eventually set free.

A few cases to support the Defendant's request for a sentence reduction are directly from *Maumau's* case:

> Determining that defendant's "age, the length of sentence imposed, and the fact that he would not receive the same sentence if the crime occurred today all represent extraordinary and compelling grounds to reduce his sentence." Summary of this case from *United States v. Brown*, https://casetext.com/case/united-states-v-brown-2456.

> Granting compassionate release in part on the basis of nonretroactive changes in law. Summary of this case from *United States v. Johnson*, https://casetext.com/case/united-states-v-johnson-3963.

> Considering § 924(c) amendments. Summary of this case from United States v. Ledezma-Rodriguez https://casetext.com/case/united-states-v-ledezma-rodriguez-2.

> In *Maumau*, the court concluded that the drastic reduction in § 924(c) sentences with its elimination of stacking did provide an extraordinary and compelling reason, which—in combination with other circumstances in the case—warranted a modification of the defendant's sentence. Summary of this case from *United States v. O'Bryan*, https://casetext.com/case/united-states-v-obryan-5.

Lastly, one final case in *United States v. Marks*, 6:03-cr-06033-DGL-2, Doc. No. 536, Decision & Order for Compassionate Release, Judge Larimer stated:

> "... a prisoner's rehabilitation alone cannot be grounds for relief, but the Court may still consider it as a relevant factor. It could be error for the Court to ignore it. The record amply demonstrates that ... has taken extraordinary steps in that direction, and that he began doing so at a time when he could not have foreseen the forthcoming changes in the law. Combined with the changes in the sentencing laws, **Marks's** efforts toward rehabilitation lead me to conclude that he has established extraordinary and compelling reasons for a reduction of his sentence.
>
> ... I find that if released, he would not pose a danger to the safety of any other person or to the community. The Court has no crystal ball with which to foresee the future, but that is not what is required. If it were, few if any defendants would ever be granted relief, and that is clearly not Congress' intent. Considering all the evidence, the Court must make an independent determination, and in this case, given **Marks's** clean disciplinary record for many years past, and his demonstrably successful efforts at rehabilitation, I conclude that upon release, he will not pose a danger to the community.
>
> In short, the record reflects that **Marks** has done virtually everything in his power to rehabilitate himself. The one thing that is not in his power is his release from prison and his return to society. That power lies with the Court. I recognize that the Court does not sit

*as a super parole board. The Court has no inherent power to grant clemency to previously sentenced defendants, whether based on their good conduct in prison or for any other reasons, no matter how compelling those reasons might seem.*

*The operative word there, though, is "inherent." In other words, the Court may not, as a matter of course, alter a defendant's sentence for reasons of mercy or sympathy.*

*But that does not mean that the Court is powerless to act. Congress has expanded courts' powers to modify defendants' sentences.... Pursuant to that authority, and for the reasons stated above, I conclude that* **Marks** *is entitled to relief, as set forth below."*

Mr. Marks was granted Compassionate Release on 4/20/20.

Mr. Barth is entitled to the same Compassion from this Court.

Should this Court reduce the Defendant's sentence to time served, it can impose home confinement, should the Court feel the Defendant is a threat to society. This would get him closer to his actual release date of 3/25/2026. The rehabilitation has been done, he has a clean record, he recently went to the DMV and obtained his driver's license. This is a man with many skills who is ready and willing to work upon release. He has done his time; he is rehabilitated and ready to get back to his family. He's worked hard to get where he is today! Isn't that supposed to be the goal of sentencing? He has received drug treatment, taken rehabilitation courses, learned trades, etc. The goals of sentencing have been achieved here and he doesn't deserve to be wasting the taxpayer's dollars to

continue to incarcerate a man who is ready to give back to society. His release plan is solid. Our past doesn't define who we are today; society tends to forget that people do deserve 2nd chances if they do the work. Mr. Barth has.

## CONCLUSION

Again, Mr. Barth asks that the Court consider <u>all</u> the facts stated. He is no longer the person who stood before this court 20 years ago. This request for compassionate release is a request for Barth to reclaim his life. This Court has already recognized Barth for his accomplishments…it's time to send him home so he can move on from his past and enjoy a future with his family, become a law-abiding citizen who is anxious to work and give back to his community. We respectfully request that this Court sentence Barth to time served.

Respectfully Requested,

*Shawn Booth*
Shawn Leo Barth

Dated: December 23, 2023

## CERTIFICATE OF SERVICE

I, Shawn Leo Barth, hereby certify that on this 23 day of December 2023, I did place the enclosed Reply to the Government's Response to the Defendant's Motion for Reduction in Sentence Pursuant to 18 USC § 3582(C)(1)(A)(I) and the First Step Act of 2018, and the Amended USSC Guidelines Effective November 1, 2023, in the prison mailing system addressed to the following party(s):

> United States District Clerk of Court
> District of North Dakota
> P.O. Box 1193
> 220 East Rosser Avenue, #476
> Bismarck, ND 58502-1193
>
> United States Attorney's Office – Via ECF

Signed under the penalty of perjury,

this 23 day of December 2023.

*Shawn Barth*
Shawn Leo Barth