## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO REDUCE SENTENCE** |
| vs. | ) | |
| | ) | |
| Shawn Leo Barth, | ) | Case No. 1:03-cr-046 |
| | ) | |
| Defendant. | ) | |

Before the Court is the Defendant's *pro se* motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A), filed on November 6, 2023. See Doc. No. 410. The Government filed a response in opposition to the motion on December 4, 2023. See Doc. No. 414. The Defendant filed a reply on December 28, 2023. See Doc. No. 417. For the reasons set forth below, the motion is denied.

**I.    BACKGROUND**

On December 18, 2003, a jury found Barth guilty of several drug and firearm offenses. See Doc. No. 131. Barth was sentenced on March 22, 2004, to life imprisonment, with a five-year consecutive term on a firearm count. See Doc. No. 161. Barth appealed and the Eighth Circuit Court of Appeals upheld both his conviction and sentence. See Doc. No. 190. Barth subsequently filed a petition for habeas relief pursuant to 28 U.S.C. § 2255, which was denied. See Doc. No. 233. The Eighth Circuit refused to grant a certificate of appealability and Barth's appeal of his habeas petition was ultimately dismissed. See Doc. No. 237.

In June of 2016, Barth filed a second habeas petition pursuant to *Johnson v. United States*. See Doc. No. 287. While this petition was pending, an executive grant of clemency reduced the total sentence of imprisonment to 322 months. See Doc. No. 294. On August 22, 2017, the Court granted

1

Barth's *Johnson* petition and further reduced his sentence.  See Doc. No. 313.

In October of 2017, Barth filed a motion to reduce sentence pursuant to Amendment 782 of the United States Sentencing Guidelines.  See Doc. No. 320.  The Court denied the motion finding Barth was not eligible for the Amendment 782 reduction.  See Doc. No. 325.  Barth appealed this decision and the Eighth Circuit denied his appeal.  See Doc. No. 343.

Barth filed his first motion seeking a reduction of sentence and compassionate release based on the First Step Act on November 13, 2019.  See Doc. No. 366.  On June 9, 2020, this Court denied Barth's motion to reduce sentence.  Barth filed a second motion seeking a reduction of sentence and compassionate release on April 21, 2020.  See Doc. No. 376.  This Court again denied Barth's motion on June 9, 2020.  See Doc. No. 382.  Barth filed a third motion seeking a reduction of sentence and compassionate release on August 28, 2020.  See Doc. No. 383.  For a third time, this Court denied Barth's motion on October 6, 2020.  See Doc. No. 387.  A fourth motion for a sentence reduction (Doc. No. 376) was denied on June 9, 2020.  See Doc. No. 382.

Barth has now filed a fifth motion seeking early or compassionate release under 18 U.S.C. 4205(g) or 3582(c)(1)(A) citing his long sentence, changes in the law, and his rehabilitation as "extraordinary and compelling" reasons for a sentence reduction.  See Doc. No. 410.  The Government filed a response in opposition to the motion contending Barth has not provided an appropriate basis for compassionate release.  See Doc. No. 414.  Barth is serving his sentence at Yankton FPC in South Dakota.  His presumptive release date is March 25, 2026.

## II.   LEGAL DISCUSSION

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under two circumstances: by motion of the Director of the BOP or upon motion of the Defendant "after the

defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  In this case, it is undisputed the Defendant has exhausted his administrative remedies.

In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement.  See 18 U.S.C. § 3582(c)(1)(A).  There is no right to counsel in Section 3582(c) proceedings.  United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009).  Nor is there a right to a hearing.  See Dillon v. United States, 560 U.S. 817, 827-28 (2010) (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).

Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions based upon a motion filed by the director of the BOP.  Such motions were rarely filed.  This all changed when the First Step Act was signed into law on December 21, 2018.  The relevant portion of the new law now reads as follows:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> **(1)** in any case–
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, <u>or upon motion of the defendant</u> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the

factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–

**(i)** extraordinary and compelling reasons warrant such a reduction;

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(i) (emphasis added).

The First Step Act does not define "extraordinary and compelling reasons." The applicable Sentencing Commission policy statement can be found at Section 1B1.13 of the 2023 Sentencing Guidelines Manual. Section 1B1.13 provides as follows:

**(a) In General**.--Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–

**(1)**   **(A)** Extraordinary and compelling reasons warrant the reduction; or

**(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

**(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

**(3)** The reduction is consistent with this policy statement.

**(b) Extraordinary and Compelling Reasons**.--Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

**(1) Medical Circumstances of the Defendant**.--

**(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage

organ disease, and advanced dementia.

**(B)** The defendant is–

**(i)** suffering from a serious physical or medical condition,

**(ii)** suffering from a serious functional or cognitive impairment, or

**(iii)** experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

**(D)** The defendant presents the following circumstances–

**(i)** the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

**(ii)** due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

**(iii)** such risk cannot be adequately mitigated in a timely manner.

**(2) Age of the Defendant**.--The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**(3) Family Circumstances of the Defendant**.--

> **(A)** The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> **(B)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> **(C)** The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> **(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

**(4) Victim of Abuse**.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

> **(A)** sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or
>
> **(B)** physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

**(5) Other Reasons**.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

**(6) Unusually Long Sentence**.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

**(c) Limitation on Changes in Law**.--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

**(d) Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

**(e) Foreseeability of Extraordinary and Compelling Reasons**.--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

U.S.S.G. § 1B1.13.

Even when extraordinary and compelling reasons exist, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. See U.S.S.G. § 1B1.13(2). A court should also consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Whether to grant relief under Section 3582(c)(1)(A) is vested in the sound discretion of the district court. United States v. Vangh, 990 F.3d 1138, 1140 (8th Cir. 2021).

The Defendant's primary contention is that he is serving an unusually long sentence and a sentence reduction under U.S.S.G. § 1B1.13(b)(6) is warranted. The Government contends the Sentencing Commission overstepped its authority is promulgating U.S.S.G. § 1B1.13(b)(6) and thus that provision cannot be used to grant a sentence reduction. The Government also maintains the circumstances of the case are such that any further sentence reduction is unwarranted.

First, the Court disagrees with the Government's assertion that U.S.S.G. § 1B1.13(b)(6) is invalid. The Sentencing Commission submitted its proposed Sentencing Guidelines amendments to Congress on April 27, 2023. Because Congress did not act to modify or disapprove of the amendments, they became effective on November 1, 2023. 88 Fed. Reg. at 28,254; see 28 U.S.C. § 994(p). If Congress believed the Sentencing Commission had overstepped its authority it would have acted to modify U.S.S.G. § 1B1.13(b)(6). The Court also notes the Sentencing Guidelines remain advisory.

As for the merits of the current motion, the Court agrees with the Government that a sentence reduction is unwarranted. The Defendant is no longer serving the life sentence that was originally imposed in this case in 2004. The Defendant's sentence was commuted by President Obama in 2016 to a total of 322 months. This sentence is less than what a defendant convicted today under similar circumstances would receive.

The Court also concludes the Section 3553(a) sentencing factors weigh against any sentence reduction. The Defendant has an extensive prior criminal history which placed him in criminal history category VI. The Presentence Investigation Report determined the Defendant was an armed career criminal. The offenses involved four serious drug trafficking crimes as well as the possession of a firearm by a convicted felon and possession of a firearm in furtherance of a drug trafficking crime. The original sentence was life imprisonment. The need for the sentence imposed under

8

Section 3553(a)(2)(A)-(C) still remains given the scale of the crime (the distribution of large quantities of methamphetamine and the unlawful possession of firearms) and the reduction in sentence previously granted to the Defendant.

The Court has carefully reviewed the entire record and concludes the Defendant has failed to demonstrate "extraordinary and compelling reasons" that would warrant a sentence reduction. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)).

### III.   CONCLUSION

For the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 410) is **DENIED**.  The motion to appoint counsel (Doc. No. 411) is also **DENIED.**  See United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009) (noting there is no right to counsel in Section 3582(c) proceedings).  Although the Court has denied the motion for a sentence reduction, it should be noted the record reflects that Barth has taken significant and positive steps to turn his life around over the past 20+ years in federal custody.  He has done virtually everything in his power to rehabilitate himself while in custody.  The Court would strongly urge the BOP to release Barth to a halfway house or home confinement so that he may complete his sentence in a less restrictive environment.  There seems to be no reasonable or common sense reason for the BOP to retain custody under the circumstances.  Barth is currently housed in a prison camp in Yankton, South Dakota.  In his submissions to the Court (Doc. No. 419), Barth advises that as of May 2024, he is a "Yankton town driver" whose custody status is now labeled as "community custody."  The BOP has allowed him to obtain a drivers license and he transports other inmates to hospitals, airports, bus stations and other locations outside of FPC Yanktown.  Why not allow an RRC placement for such an inmate with so

little time left before his release date of March 25, 2026?  Why not allow home confinement to serve out his remaining sentence?  The costs of continuing to incarcerate an inmate such as Barth are far outweighed by considerations of rehabilitation, compassion, and common sense.  And placement at a RRC <u>or</u> home confinement is not a 'get-out-of-jail" free card.  Barth will also serve a significant period of time on supervised release - subject to a multitude of standard and special conditions - which is a serious restraint on his liberty.  At 53 years of age, Barth deserves a second chance.  The BOP has a chance to do right by placing him in a halfway house or on home confinement to serve out his remaining sentence.  The Court would respectfully request that the BOP carefully review Barth's case and give him a chance to move on with his life.

**IT IS SO ORDERED**.

Dated this 10th day of September, 2024.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court
